IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALIBU LIGHTING CORPORATION, et al.,[1] | ) | Case No. 15-12080 (KG) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

Re: Docket No. 13

## ORDER PURSUANT TO SECTIONS 105(a), 507(a)(8), AND 541(d) OF THE BANKRUPTCY CODE (I) AUTHORIZING THE PAYMENT OF PREPETITION SALES, USE, AND OTHER SIMILAR TAXES AND BUSINESS FEES AND (II) AUTHORIZING BANKS AND OTHER FINANCIAL INSTITUTIONS TO RECEIVE, PROCESS, HONOR AND PAY CHECKS ISSUED AND ELECTRONIC PAYMENT REQUESTS MADE RELATING TO THE FOREGOING

Upon the *Motion Pursuant to Sections 105(a), 507(a)(8), and 541(d) of the Bankruptcy Code (I) Authorizing the Payment of Prepetition Sales, Use, and Other Similar Taxes and Business Fees and (II) Authorizing Banks and Other Financial Institutions to Receive, Process, Honor, and Pay Checks Issued and Electronic Payment Requests Made Relating to the Foregoing* (the "Motion") of the debtors and debtors in possession in the above-captioned cases, (the "Debtors"); and upon the *Declaration of David Baker in Support of First Day Motions*; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is necessary to

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (8205); Outdoor Direct Corporation f/k/a The Brinkmann Corporation (9246); National Consumer Outdoors Corporation f/k/a Dallas Manufacturing Company, Inc. (1153); Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is 4215 McEwen Road, Dallas, TX 75244.

the ongoing orderly operation of the Debtors' businesses and is in the best interests of the

Debtors, their estates, and their creditors; and it appearing that the notice of the Motion having

been given as set forth herein was appropriate and that no other or further notice need by given;

and the "first day" hearing on the Motion having been held before the Court; and objections, if

any, to the Motion having been overruled, withdrawn, or otherwise resolved at the hearing; and

after due deliberation and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:[2]

1.    The Motion is GRANTED.

2.    The Debtors are authorized, but not directed, to pay the Sales and Use

Taxes due and owing, including, without limitation, through the issuance of postpetition checks

or wire transfer requests, as the Debtors, in their sole discretion, deem necessary, in an amount

not to exceed as follows (excluding amounts paid prepetition by checks that have not yet

cleared):

| Debtor | Prepetition Sales and Use Taxes |
|---|---|
| ODC | $15,000 |
| MLC | $5,000 |
| NCOC and Stubbs | $15,000 |

[2] The relief requested authorized by this Order is subject to the respective terms set forth in each of (i) *Interim Order as to Debtor National Consumer Outdoors Corporation f/k/a Dallas Manufacturing Company, Inc. (a) Authorizing Post-Petition Financing and Use of cash Collateral, (b) Granting §§ 363(c) and 364(d) Liens and a Superpriority Administrative Claim, (c) Approving Agreements with Comerica Bank, and (d) Setting a Final Hearing* (the "NCOC Financing Order"); (ii) *Interim Order as to Malibu Lighting Corporation Approving Stipulation Authorizing Debtor's Use of Cash Collateral* (the "MLC Cash Collateral Order"); and (iii) *Interim Order Approving Stipulation Authorizing Use of Cash Collateral by Debtors Outdoor Direct Corporation f/k/a The Brinkmann Corporation and Other Syndicated Facility Obligors and Setting Final Hearing Thereon* (the "ODC Cash Collateral Order" and together with the NCOC Financing Order and the MLC Cash Collateral Order, the "Financing Orders").

DOCS_DE:202319.3 10821/001

3.   The Debtors are authorized, but not directed, to pay prepetition Business

Fees in an amount not to exceed as follows:

| Debtor | Business Fees |
|---|---|
| ODC | $3,000 |
| MLC | $3,000 |
| NCOC and Stubbs | $12,000 |

4.   Notwithstanding any other provision of this Order, any payments

contemplated by the Motion and permitted to be paid by this Order shall be paid only to the

extent provided for in the Financing Orders and shall not exceed the amounts set forth therein.

5.   All applicable banks and other financial institutions are authorized to

receive, process, honor, and pay any and all prepetition checks or by automated clearinghouse

payment issued by the Debtors for the payment of prepetition obligations approved herein,

whether prior to or after commencement of these chapter 11 cases, provide further, that all such

banks and financial institutions are authorized to rely on the Debtors' designation of any

particular check or electronic payment request as approved by this Order.

6.   The Debtors are authorized (consistent with this Order) to issue

postpetition checks or to effect postpetition automated clearinghouse requests in replacement of

any checks or automated clearinghouse requests relating to taxes that were dishonored or

rejected.

7.   Nothing herein shall impair any right of the Debtors to dispute or object to

any taxes asserted as owing to the Taxing Authorities or those parties who ordinarily collect the

Sales and Use Taxes as to amount, liability, classification, or otherwise.

DOCS_DE:202319.3 10821/001

8.    Notwithstanding the possible applicability of Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable.

9.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and Rule 9013-1(m) of the Local Rules of the United States Bankruptcy Court for the District of Delaware are satisfied by such notice.

10.    This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated:  October 9, 2015

Honorable Kevin Gross
United States Bankruptcy Judge

4