UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:  Chapter 11
 Case No. 15-12080 (KG)
MALIBU LIGHTING CORPORATION, et al.,

    Debtors.
_____

## MOTION FOR RELIEF FROM AUTOMATIC STAY

    Felix Gonzalez (hereinafter "Creditor"), by and through his undersigned counsel, hereby moves this Court for relief from the automatic stay pursuant to Section 362(d) of the Bankruptcy Code in order to pursue its claim against the debtor, The Brinkmann Corporation, to the extent of its applicable liability insurance coverage. In support hereof, the Creditor respectfully states as follows:

    1.    On October 8, 2015 (the "Petition Date"), The Brinkmann Corporation and certain of its affiliates filed voluntary petitions for bankruptcy relief under chapter 11 of the United States Bankruptcy Code. Since the Petition Date, the Debtors have managed their affairs and remained in possession of their assets as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

    2.    On December 4, 2015 this Court entered an Order setting the bar date for the filing of Proofs of Claim as February 8, 2016 (Docket No. 294). Creditor filed his claim on January 11, 2016 (Claim No. 104).

    3.    On or about November 22, 2012, prior to the Petition Date, Felix Gonzalez was using an outdoor propane turkey fryer to attempt to prepare his Thanksgiving dinner. Mr. Gonzalez had purchased the cooker at The Home Depot earlier and the cooker and it's components were manufactured by The Brinkmann Corporation

and placed unchanged into the stream of commerce in Broward County, Florida and reached Felix Gonzalez in their expected and ordinary condition following retail sale in Broward County.

4. Felix Gonzalez was hooking up the fryer to the propane tank and as he turned on the gas and began the steps to light the grill, the regulator between the tank and the turkey fryer broke, and portions struck him, causing him injuries. There was no fire. The regulator in question was made of an alloy which was prone to corrosion and apparently corroded, causing the rupture which lead to Mr. Gonzalez's injuries (*See generally* Complaint filed in Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida attached hereto as Exhibit "A.").

5. The defective product proximately caused the injuries to Felix Gonzalez.

6. At the time of the incident, an insurance policy was maintained by:

> First Underlying Insurance Policy is:
> Starr Indemnity & Liability Company
> Policy#: SISCSEL01777612
> Policy Period: 4/15/2012 – 4/15/2013
> Limits: $5,000,000 each occurrence and $5,000,000 aggregate limit (where applicable)
>
> Excess Policy:
> Liberty Insurance Underwriters Inc
> Policy #: EXCSF181422-9
> Policy Period: 4/15/2012 – 4/15/2013 – 12:01 am Standard Time at the mailing address of the named insured shown (Dallas, TX)
> Limits: $25,000,000 each occurrence and $25,000,000 aggregate limit (where applicable)

7. A lawsuit was filed in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida on July 28, 2015, styled *Felix Gonzalez v. The Brinkmann Corporation* case number 15-013361(02).

8. At all times relevant hereto, the debtor, The Brinkmann Corporation, upon information and belief, maintained liability insurance coverage with Starr Indemnity & Liability Company and Liberty Insurance Underwriters, Inc.

9. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a).

10. The statutory basis for the relief request in this Motion is 11 U.S.C. §§ 362, and 105.

11. Creditor seeks recovery only from applicable insurance, if any, and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.

**WHEREFORE**, Creditor requests that this Court grant its Motion and enter an Order to terminate and vacate the automatic stay to permit the Creditor to proceed and to pursue to collect on any and all insurance policies maintained by The Brinkmann Corporation, that the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived, that the Order be binding and effective upon conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code or in any future bankruptcy case, and grant such other and further relief as the Court deems just and proper.

*(Continued on next page.)*

ABRAMOWITZ, POMERANTZ & MOREHEAD, P.A.
*Attorneys for Felix Gonzalez*
7800 W. Oakland Park Blvd Suite 101
Sunrise, FL 33351
954 572-7200 Phone
954 748-6488 Fax

Dated: 3/23/17          By: */s/ Charles A. Morehead*
                        Charles A. Morehead III, Esq.
                        Florida Bar No: 501255
                        Charles@FloridaInjuryLawyers.com
                        Pleadings@FloridaInjuryLawyers.com
                        Robin@FloridaInjuryLawyers.com

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL
CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:

FELIX GONZALEZ,

    Plaintiff,

v.

THE BRINKMANN CORPORATION,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

FELIX GONZALEZ, by and through his undersigned attorneys, files this his Complaint, Demands a Jury Trial and sues the Defendant, THE BRINKMANN CORPORATION and says:

1. This is in action for damages that exceed $15,000.00 exclusive of costs, interest and attorney's fees.

2. FELIX GONZALEZ was and is a resident of Broward County, Florida.

3. THE BRINKMANN CORPORATION is a corporation doing business in Broward County, Florida and putting their products in the stream of commerce in the State of Florida and in particular, Broward County, Florida.

## GENERAL ALLEGATIONS

4. On or about November 22, 2012, FELIX GONZALEZ was using an outdoor propane turkey fryer to attempt to prepare his Thanksgiving dinner in late November of 2012. Mr. Gonzalez had purchased the cooker at THE HOME DEPOT earlier (he does not have the receipt) and the cooker and it's components were manufactured by THE BRINKMANN CORPORATION and placed unchanged into the stream of commerce in Broward County, Florida and reached Felix Gonzalez in their expected and ordinary condition following retail sale in Broward County.

Exhibit "A"

5.      MR. GONZALEZ was hooking up the fryer to the propane tank and as he turned on the gas and began the steps to light the grill, the regulator between the tank and the turkey fryer broke, and portions struck him, causing him injuries. There was no fire. The regulator in question was made of an alloy which was prone to corrosion and apparently corroded, causing the rupture which lead to MR. GONZALEZ's injuries.

## COUNT I
## NEGLIGENCE AGAINST THE BRINKMANN CORPORATION

Every allegation is re-alleged in full.

6.      THE BRINKMANN CORPORATION owed a duty of reasonable care to FELIX GONZALEZ in its design and manufacture of the regulator in question.

7.      THE BRINKMANN CORPORATION breached that duty of care in designing, selling and manufacturing the regulator complained of, in one or more of the following ways:

   a) In using a sacrificial metal (zinc) which corrodes in the face of other metals and in particular in the South Florida climate rendering the regulator in a weakened condition and subject to rupture.

   b) In failing to exercise appropriate quality control in the manufacture of their regulators, resulting in MR. GONZALEZ injuries following the explosion.

   c) In manufacturing the regulator with defects such that the regulator was caused to rupture resulting in MR. GONZALEZ's injuries.

   d) In failing to warn FELIX GONZALEZ of the danger of the rupture of the regulator.

8. As a direct and proximate result of the negligence outlined above FELIX GONZALEZ was injured and has incurred medical expenses in the past and may continue to do so in the future. He may have partially lost the ability to earn money in the future as well.

WHEREFORE, FELIX GONZALEZ demands judgment for the full amount of his damages, for costs, interest and such other relief as the court may deem just and proper.

## COUNT II
## STRICT PRODUCT LIABILITY

Paragraphs 1-9 are realleged in full.

9. Florida law holds manufactures strictly liable for defective products that are placed in the stream of commerce and expected to and do reach the consumer in the state provided by the manufacturer.

10. The regulator in question was placed in the stream of commerce by THE BRINKMANN CORPORATION and did in fact reach the consumer in its usual and ordinary state.

11. In ordinary use, with expected and reasonable wear and tear and use by the ultimate consumer, FELIX GONZALEZ, the regulator ruptured causing him injuries.

12. A propane regulator is not expected to rupture in the ordinary use by the average consumer. THE BRINKMANN CORPORATION is strictly liable for this unexpected failure and result.

13. As a direct and proximate result of the product failure alleged above, FELIX GONZALEZ was injured. But for the breach of the product, MR. GONZALEZ would not have been injured.

WHEREFORE, FELIX GONZALEZ demands judgment for the full amount of his damages, for his past and future medical expenses, if any, for costs, for loss of ability to earn money in the future, and for such other relief as the court may deem just and proper.

Signed this 28th day of July, 2015 at Broward County, Florida.

ABRAMOWITZ, POMERANTZ & MOREHEAD, P.A.
Attorneys for Plaintiffs
7800 W. Oakland Park Blvd Suite 101
Sunrise, FL 33351
954 572-7200 Main-Broward
305 949-7100 Miami-Dade
954 748-6488 Fax

By: /s/ Charles A. Morehead
    CHARLES A. MOREHEAD III
    FBN: 501255
    *e-mail –* Charles@Floridainjurylawyers.com