IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MALIBU LIGHTING CORPORATION, *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 15-12080-KG<br><br>(Jointly Administered)<br><br>Objection Deadline: 4/6/2017 at 4:00 p.m. (ET)<br>Hearing Date: 4/28/2017 at 10:00 a.m. (ET) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF STRASBURGER & PRICE LLP AS TEXAS REAL ESTATE COUNSEL, *NUNC PRO TUNC* TO JANUARY 25, 2017**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors") submits this application (the "Application"), pursuant to sections 328, 1102 and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing and approving the employment and retention of Strasburger & Price LLP ("Strasburger & Price") as Texas real estate counsel to the Committee *nunc pro tunc* to January 25, 2017. In support of the Application, the Committee relies upon and incorporates by reference the Declaration of Barbara Kennedy (the "Kennedy Declaration"), of counsel at Strasburger & Price, which is attached

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (8205); Outdoor Direct Corporation f/k/a The Brinkmann Corporation (9246); National Consumer Outdoors Corporation f/k/a Dallas Manufacturing Company, Inc. (1153); Q-Beam Corporation (1560); Smoke `N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc, (6615). The location of the Debtors' headquarters and service address is 421 S McEwen Road, Dallas, TX 75244.

hereto as **Exhibit B** and is incorporated herein by reference. In support of this Application, the Committee respectfully represents as follows:

**Jurisdiction**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 328, 1102 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

**BACKGROUND**

A. **The Chapter 11 Cases.**

3. On October 8, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The Court has consolidated the Chapter 11 Cases for procedural purposes only and they are being jointly administered together under the above-captioned case. No trustee or examiner has been appointed in these Chapter 11 Cases.

4. The Debtor continues to operate its business and manage its affairs and properties as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5. On October 20, 2015, the Office of the United States Trustee appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code. *See* Docket No. 109. The Committee is currently comprised of four members[2]: (a) Fibertex Corporation, (b) Matthew Lee, (c) Shanghai Hazlian Electric Tools Co., and (e) Pratt Industries, Inc.

6. On the same day the Committee was appointed, the Committee selected Lowenstein Sandler LLP ("Lowenstein Sandler") and Blank Rome LLP ("Blank Rome") to serve as its co-counsel, and subsequently selected BDO USA, LLP ("BDO") to serve as its financial advisor.

---
[2] Stein Fibers Ltd. was originally appointed as a member of the Committee, but has since resigned its position.

### B. The Settlement and Plan Negotiations

7. The Committee has been engaged in ongoing settlement and plan negotiations with the Debtors and the Debtors' principal J. Baxter Brinkmann and various of his affiliates (collectively, "Brinkmann") in order to reach a global settlement of a variety of issues and a consensual plan of liquidation (the "Plan").

8. In the context of such negotiations, certain matters have arisen that will require the Committee to evaluate and analyze issues related to real estate located in the vicinity of Dallas, Texas including, *inter alia,* review and analysis of a secured promissory note, deeds of trust covering property located in Collin County, Texas, and a related settlement agreement.

9. As the Committee's current professionals do not possess an intimate knowledge of Texas real estate law, the Committee requires the engagement of local real estate counsel to assist with the review of all settlement related documents as the parties continue working collaboratively to reach a global settlement and consensual Plan.

### RELIEF REQUESTED

10. By this Application the Committee requests, pursuant to sections 328, 1102 and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, entry of the proposed order authorizing and approving the retention and employment of Strasburger & Price as Texas real estate counsel to the Committee *nunc pro tunc* to January 25, 2017 to assist the Committee in addressing Texas real estate matters relevant to ongoing settlement and Plan negotiations.

11. Section 1103(a) of the Bankruptcy Code authorizes the retention of attorneys, accountants or other agents to represent or perform services for the Committee. *See* 11 U.S.C. § 1103(a). In addition, section 328(a) of the Bankruptcy Code provides that a Committee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 . . . on any reasonable terms and conditions of employment . . ." 11 U.S.C. § 328(a).

8676054.2/SP/45749/0101/031617

12. As stated *supra,* certain matters have arisen in the context of settlement and Plan negotiations between the Debtors, Brinkmann and the Committee that must be evaluated by counsel with expertise in Texas real estate law. Such services will enable the Committee to consider certain unresolved settlement and Plan related issues in a cost effective and expeditious manner in order to reach an informed and responsible decision regarding the Committee's options. The retention of Strasburger & Price is critical to ensuring that the Committee is able to move efficiently and effectively towards a global settlement and consensual Plan.

13. It will be more efficient and cost effective to retain Strasburger & Price in connection with these matters as Strasburger & Price is knowledgeable and experienced in Texas real estate law and can assist the Committee's current professionals with settlement and Plan negotiations. Such expertise coupled with Strasburger & Price's competitive fee structure will provide the most cost effective resolution of these Chapter 11 Cases.

14. As set forth in the Kennedy Declaration, the Committee believes that Strasburger & Price possesses extensive knowledge and experience in the areas of law most relevant to the proposed retention and is well qualified to represent the Committee as Texas real estate counsel. In selecting its Texas real estate counsel, the Committee sought counsel with substantial experience and familiarity with relevant local real estate matters. The Committee believes that Strasburger & Price meets these requirements and is well-suited to provide the representation requested by the Committee.

15. The Strasburger & Price attorney that will be primarily responsible for this engagement is Barbara Kennedy, who is of counsel with the firm. Ms. Kennedy has extensive experience in Texas real estate transactions and valuations, including, without limitation, providing representation for, and preparing legal opinions regarding, Texas real estate acquisitions and financing transactions. In the event Ms. Kennedy seeks advice relative to this matter from other attorneys in the firm, with respect to Texas law implications ancillary to the real estate matter for which Strasburger will be engaged, the hourly rates for counsel likely to assist in

these consultations will be in the range from $395 to $650 for partners, from $300 to $375 for associates and from $175 to $250 for paralegals.

16. The Committee understands that Strasburger & Price, Lowenstein Sandler, Blank Rome and BDO will work together in a cooperative manner to facilitate the representation of the Committee with respect to the settlement negotiations in an efficient and economical manner.

## NO ADVERSE INTEREST

17. To the best of the Committee's knowledge, information and belief, and except as otherwise set forth in the Kennedy Declaration, Strasburger & Price does not represent or hold any interest adverse to the Committee or the Debtors' estates with respect to the matters on which Strasburger & Price is to be employed. The Committee has been informed that Strasburger & Price will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, Strasburger & Price will supplement its disclosures to the Court.

18. Based on the foregoing and the disclosures set forth in the Kennedy Declaration, the Committee believes that Strasburger & Price does not hold or represent any interest adverse to the Committee or the Debtors' estates regarding the matters on which Strasburger & Price is proposed to be engaged.

19. Strasburger & Price is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Strasburger & Price, its partners, counsel, and associates: (a) are not creditors, equity holders, or insiders of any of the Debtors; (b) are not and were not, within two (2) years before the Petition Date, a director, officer or employee of any of the Debtors; and (c) do not have an interest materially adverse to the Debtors' estates or any class of creditors, by reasons of any direct or indirect relationship to, connection with, or interest in any Debtor, except as otherwise set forth herein.

8676054.2/SP/45749/0101/031617

## PROFESSIONAL COMPENSATION

20. The Committee understands that Strasburger & Price intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines for Reviewing Applications for Compensation & Reimbursement of Expenses Filed under 11 U.S.C. §330, effective January 30, 1996 (the "Guidelines"), and any orders of this Court for all services performed and expenses incurred after the date their retention is approved.

21. For services rendered by Strasburger & Price in these Chapter 11 Cases, Strasburger & Price, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Guidelines, will seek compensation at its standard charge for legal services on an hourly basis in accordance with its ordinary and customarily hourly rates in effect on the date such services are rendered. The current hourly rate for Ms. Kennedy, who will be primarily responsible for performing services for the Committee pursuant to this engagement, is $550. Ms. Kennedy's hourly rate is set at a level designed to fairly compensate Strasburger & Price for the work she performs and to cover fixed and routine overhead expenses. The hourly rates of attorneys at Strasburger & Price vary with experience and seniority of the individuals assigned and may be adjusted from time to time. The Committee respectfully submits that Ms. Kennedy's proposed rate is reasonable and comparable to the rates other firms charge for similar services.

22. In addition to the foregoing, it is Strasburger & Price's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, photocopying, printing, scanning, computerized legal research, long distance telephone calls, postage, overnight mail, messenger charges and telecopier charges.

23. The Committee seeks to retain Strasburger & Price as Texas real estate counsel to provide the services set forth above. To date, Strasburger & Price has not been paid fees or expenses for this representation and Strasburger & Price holds no retainer.

8676054.2/SP/45749/0101/031617

**NOTICE**

24. Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Debtors; (iii) counsel to the Debtors' pre-petition and post-petition lenders; (iv) counsel for Brinkmann; and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Committee submits that no other or further notice is necessary or required.

25. No previous application for relief sought herein has been made to this or any other Court.

8676054.2/SP/45749/0101/031617

**WHEREFORE**, the Committee respectfully requests that this Court enter an Order, substantially in the form submitted herewith, authorizing the retention and employment of Strasburger & Price, in accordance with and pursuant to the terms and conditions of this Application, and grant the Committee such other and further relief as the Court deems just or proper.

Dated: March 23, 2017

        **OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MALIBU LIGHTING CORPORATION**, *et al.*

        By:   */s/ Al Fennell*
              Representative of Pratt Industries, Inc., Member of the Committee, solely in their capacity as a Committee Member

8676054.2/SP/45749/0101/031617