IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALIBU LIGHTING CORPORATION, et al.,[1] | ) | Case No. 15-12080 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**Objection Deadline: April 25, 2017, at 4:00 p.m. EST**
**Hearing Date: Scheduled only if Necessary**

**SUMMARY OF SEVENTEENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR DEBTORS FOR THE PERIOD FROM FEBRUARY 1, 2017 THROUGH FEBRUARY 28, 2017**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective *nunc pro tunc* to October 8, 2015, by order signed on November 4, 2015 |
| Period for which Compensation and Reimbursement is Sought: | February 1, 2017 – February 28, 2017[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $105,684.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $12,829.97 |

This is a: _x_ monthly interim final application.

The total time expended for fee application preparation is approximately 2.0 hours and the corresponding compensation requested is approximately $1,400.00.

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (0556); Outdoor Direct Corporation f/k/a The Brinkman Corporation (9246); NC Estate Corporation f/k/a National Consumer Outdoors Corporation (1153); Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is P.O. Box 5960, Frisco, TX 75035.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

## PRIOR MONTHLY APPLICATIONS FILED[1]

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Monthly Approved Fees (80%) | Monthly Approved Expenses (100%) | Holdback (20% Fees) | Total Approved per Interim Fee Order |
|---|---|---|---|---|---|---|---|
| 11/25/15 | 10/08/15 - 10/31/15 | $481,920.01 | $23,432.61 | $385,536.00 | $23,432.61 | $96,384.01 | $505,352.62 |
| 12/23/15 | 11/01/15 - 11/30/15 | $449,078.00 | $40,354.33 | $359,262.40 | $40,354.33 | $89,815.60 | $489,432.33 |
| 01/25/16 | 12/01/15 - 12/31/15 | $194,300.01 | $3,218.82 | $155,440.00 | $3,218.82 | $38,860.01 | $197,518.83 |
| **First Interim Application** | **10/08/15 - 12/31/15** | **$1,125,298.02** | **$67,005.76** | **$900,238.40** | **$64,612.39**[2] | **$225,059.62** | **$1,189,910.41 [Dkt. 496]** |
| 03/14/16 | 01/01/16 - 01/31/16 | $189,331.26 | $3,652.35 | $151,465.01 | $3,652.35 | $37,866.25 | $192,983.61 |
| 04/07/16 | 02/01/16 - 02/29/16 | $273,619.75 | $10,854.84 | $218,895.80 | $10,854.84 | $54,723.95 | $284,474.59 |
| 05/03/16 | 03/01/16 - 03/31/16 | $287,870.50 | $5,265.83 | $230,296.40 | $5,265.83 | $57,574.10 | $293,136.33 |
| **Second Interim Application** | **01/01/16 - 03/31/16** | **$750,821.51** | **$19,773.02** | **$600,657.21** | **$19,203.29**[3] | **$150,164.30** | **$770,024.80 [Dkt. 844]** |
| 06/07/16 | 04/01/16 - 04/30/16 | $240,412.00 | $11,625.88 | $192,329.60 | $11,625.88 | $48,082.40 | |
| 06/28/16 | 05/01/16 - 05/31/16 | $302,902.00 | $12,094.07 | $242,321.60 | $12,094.07 | $60,580.40 | |
| 07/13/16 | 06/01/16 - 06/30/16 | $212,041.50 | $6,413.94 | $169,633.20 | $6,413.94 | $42,408.30 | |
| **Third Interim Application** | **04/01/16 - 06/30/16** | **$755,355.50** | **$30,133.89** | **$604,284.40** | **$30,133.89** | **$151,071.10** | **$785,489.39 [Dkt 946]** |
| 08/25/16 | 07/01/16 - 07/31/16 | $201,209.50 | $13,949.60 | $160,967.60 | $13,949.60 | $40,241.90 | |
| 09/23/16 | 08/01/16 - 08/31/16 | $219,300.00 | $5,133.24 | $175,440.00 | $5,133.24 | $43,860.00 | |
| 10/24/16 | 09/01/16 - 09/30/16 | $151,482.25 | $2,130.56 | $121,185.80 | $2,130.56 | $30,296.45 | |
| **Fourth Interim Application** | **07/01/16 - 09/30/16** | **$571,991.75** | **$21,213.40** | **$593,205.15** | **$21,213.40** | **$114,398.35** | **$593,205.15 [Dkt 1045]** |

[1] Each of the three monthly fee statements for October, November and December filed on behalf of ODC, MLC and NCEC have been combined here to represent one monthly fee statement for each time period for all Debtors.

[2] This amount was reduced by $2,393.37 per agreement with the Office of the United States Trustee.

[3] This amount was reduced by $569.73 per agreement with the Office of the United States Trustee.

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Monthly Approved Fees (80%) | Monthly Approved Expenses (100%) | Holdback (20% Fees) | Total Approved per Interim Fee Order |
|---|---|---|---|---|---|---|---|
| 12/07/16 | 10/01/16 - 10/31/16 | $83,034.50 | $9,873.01 | $66,427.60 | $9,873.01 | $16,606.90 | |
| 12/23/16 | 11/01/16 - 11/30/16 | $62,078.00 | $1,437.82 | $49,662.40 | $1,437.82 | $12,415.60 | |
| 02/02/17 | 12/01/16 - 12/31/16 | $96,216.50 | $5,687.19 | $76,973.20 | $5,687.19 | $19,243.30 | |
| **Fifth Interim Fee Application** | **10/01/16 - 12/31/16** | **$241,329.00** | **$16,998.02** | **$193,063.20** | **$16,998.02** | **$48,265.80** | **$258,372.02 [Dkt 1157]** |
| 03/07/17 | 01/01/17 - 01/31/17 | $130,320.00 | $3,399.68 | $104,256.00 | $3,399.68 | $26,064.00 | |

As more fully set forth in the *Application pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* [Docket No. 62] (the "Retention Application"), the Firm bills fees and expenses directly related to the each of the Debtors' estates. The Retention Application, as supplemented by the *Supplemental Declaration of Jeffrey N. Pomerantz in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession nunc pro tunc to the Petition Date* [Docket No. 338] (the "Supplemental Retention Declaration"), also provides that for services and expenses that benefit all Debtors, the Firm will allocate such fees and expenses based on anticipated level of activity in the cases.

On September 30, 2016, the Court entered an *Order Authorizing the Use of Cash Collateral on a Consolidated Basis* [Docket No. 961] (the "Consolidated Cash Collateral

Order"), thereby alleviating the need to allocate fees and expenses among the different Debtors. Therefore, upon the entry of the Consolidated Cash Collateral Order, the Firm is now billing the Debtors on a consolidated basis.

**PSZ&J PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice, States Admitted to Practice | Hourly Billing Rate (including Changes) | Total Hours | Total Compensation |
|---|---|---|---|---|
| Jeffrey N. Pomerantz | Partner 1995; Member CA Bar 1989 | $950.00 | 7.90 | $7,505.00 |
| Iain A.W. Nasatir | Partner 1999; Member NY Bar 1983; Member CA Bar 1990 | $895.00 | 24.60 | $22,017.00 |
| James E. O'Neill | Partner 2005; Member PA Bar 1985; Member DE Bar 2001 | $825.00 | 20.40 | $16,830.00 |
| Joshua M. Fried | Partner 2006; Member CA Bar 1995; Member NY Bar 1999; Member NJ Bar 2000 | $825.00 | 50.80 | $41,910.00 |
| Jeffrey P. Nolan | Of Counsel 2001; Member CA Bar 1992 | $725.00 | 8.80 | $6,380.00 |
| Jason H. Rosell | Of Counsel 2010; Member CA Bar 2010; Member NY Bar 2011 | $575.00 | 2.90 | $1,667.50 |
| Joseph M. Mulvihill | Associate 2015; Member DE Bar 2014; Member PA Bar 2015 | $450.00 | 4.70 | $2,115.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $350.00 | 10.30 | $3,605.00 |
| Patricia J. Jeffries | Paralegal 1999 | $350.00 | 9.50 | $3,325.00 |
| Beatrice M. Koveleski | Case Management Assistant | $275.00 | 1.20 | $330.00 |

**Total:** **$105,684.50**
**Total Hours:** **141.10**
**Blended Rate:** **$749.00**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 13.50 | $11,187.50 |
| Bankruptcy Litigation | 9.70 | $ 5,527.50 |
| Case Administration | 6.20 | $ 2,102.50 |
| Claims Administration/Objections | 58.60 | $46,494.50 |
| Compensation of Professionals | 10.10 | $ 5,507.50 |
| Compensation of Professionals/Others | 5.40 | $ 4,360.00 |
| Financing | 2.70 | $ 1,590.00 |
| Plan and Disclosure Statement | 34.20 | $28,337.50 |
| Retention of Professionals / Others | 0.70 | $ 577.50 |
| **Total** | **141.10** | **$105,684.50** |

## EXPENSE SUMMARY

| Expense Category | Service Provider[4] (if applicable) | Total Expenses |
|---|---|---|
| Conference Call | AT&T | $ 19.42 |
| Delivery/Courier Service | Digital Legal | $ 146.55 |
| FedEx | | $ 19.34 |
| Fax Transmittal | | $ 35.00 |
| Pacer – Court Research | | $ 97.40 |
| Postage | | $8,651.86 |
| Reproduction Expense | | $2,818.80 |
| Reproduction/Scan Copy | | $1,041.60 |
| **Total** | | **$12,829.97** |

[4] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MALIBU LIGHTING CORPORATION, et al.,[1] | ) | Case No. 15-12080 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**Objection Deadline: April 25, 2017, at 4:00 p.m. EST**
**Hearing Date: Scheduled only if Necessary**

**SEVENTEENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR DEBTORS FOR THE PERIOD FROM FEBRUARY 1, 2017 THROUGH FEBRUARY 28, 2017**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's *Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) and Local Rule 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, signed on November 4, 2015 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel for the debtors and debtors in possession, hereby submits its *Seventeenth Monthly Application for Compensation and for Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel for Debtors for the Period from February 1, 2017, through February 28, 2017* (the "Application").

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Malibu Lighting Corporation (0556); Outdoor Direct Corporation f/k/a The Brinkman Corporation (9246); NC Estate Corporation f/k/a National Consumer Outdoors Corporation (1153); Q-Beam Corporation (1560); Smoke 'N Pit Corporation (9951); Treasure Sensor Corporation (9938); and Stubbs Collections, Inc. (6615). The location of the Debtors' headquarters and service address is P.O. Box 5960, Frisco, TX 75035.

By this Application, PSZ&J seeks a monthly interim allowance of compensation in the amount of $105,684.50 and actual and necessary expenses in the amount of $12,829.97 for a total allowance of $118,514.47 and payment of $84,547.60 (80% of the allowed fees) and reimbursement of $12,289.97 (100% of the allowed expenses) for a total payment of $96,837.57 for the period February 1, 2017 through February 28, 2017 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

**Background**

1. On October 8, 2015 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On October 20, 2015, the United States Trustee for Region 3 appointed the Official Committee of Unsecured Creditors (the "Committee") to represent the interests of all unsecured creditors in this Case pursuant to section 1102 of the Bankruptcy Code.

4. On or about November 4, 2015, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") and members of any official committee to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections

are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending December 31, 2015, and at three-month intervals or such other intervals convenient to the Court, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

5. The retention of PSZ&J, as counsel to the Debtors, was approved effective as of October 8, 2015, by this Court's *Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession nunc pro tunc to the Petition Date*, signed on November 4, 2015 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**PSZ&J'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES**

**Compensation Paid and Its Source**

6. All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors. PSZ&J has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or

understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases.

**Fee Statements**

7. The fee statement for the Interim Period is attached hereto as Exhibit A. This statement contains daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working travel time to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

**Actual and Necessary Expenses**

8. A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9. PSZ&J charges $1.00 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and are reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtors for the receipt of faxes in this case.

10. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated April 12, 1995, regarding billing for disbursements and other charges.

**Summary of Services Rendered**

12. The names of the timekeepers of PSZ&J who have rendered professional services in this case during the Interim Period are set forth in the attached Exhibit A. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and

orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' chapter 11 cases, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' chapter 11 cases.

**Summary of Services by Project**

13. The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below; with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A. Asset Disposition**

14. The Firm billed time to this category addressing the transfer of certain intellectual property interests to Daniel Parrish and to LightStar, and preparing a motion to sell the Debtors' remaining intellectual property.

Fees: $11,187.50 Hours: 13.50

## B. Bankruptcy Litigation

15. Time billed to this category relates to, among other things: (i) preparing a motion to extend removal actions; (ii) preparing hearing agendas; (iii) preparing certificates of no objection regarding various motions; (iv) preparing memoranda and documents concerning pending litigation and pending motions and the preparation of orders regarding the same; (v) coordinating service and filing of various pleadings; (vi) preparing and filing agendas; and (vii) reviewing various pleadings prior to hearings.

| | | |
|---|---|---|
| Fees: | $5,527.50 | Hours: 9.70 |

## C. Case Administration

16. This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things: (i) conferred with counsel regarding scheduling issues; (ii) reviewed correspondence and pleadings and forwarded them to appropriate parties; (iii) maintained a memorandum of critical dates; (iv) maintained document control; (v) maintained service lists; and (vi) conferred and corresponded regarding case administration issues.

| | | |
|---|---|---|
| Fees: | $2,102.50 | Hours: 6.20 |

## D. Claims Administration and Objections

17. This category relates to work regarding claims administration and claims objections. During the Interim Period , the Firm, among other things: (i) continued to assist the Debtors in analyzing the various claims asserted by alleged personal injury and litigation claimants, as well as overlapping issues with the Debtors' respective insurers; (ii) assisted the

Debtors in analyzing pending tax claims and related tax issues; (iii) negotiated settlements for pending litigation claims; (iv) prepared an order regarding the third omnibus objection to claims; (v) finalized the administrative claims bar date notice; and (vi) prepared various analyses of claims with respect to a potential chapter 11 plan. Many of these claims are complex that will require the ultimate liquidation and allowance of these claims. These claims also require an analysis of the Debtors' applicable defenses that could reduce the affirmative amounts alleged by several creditors.

Fees: $46,494.50 Hours: 58.60

**E. Compensation of Professionals**

18. Time billed to this category relates to the preparation of the Firm's January fee statement, preparation of a CNO regarding the Firm's December fee statement, and preparation of the Firm's fifth quarterly interim fee application.

Fees: $5,507.50 Hours: 10.10

**F. Compensation of Professionals/Others**

19. Time billed to this category relates to (i) communicating with estate professionals regarding setting a hearing on fee applications; (ii) reviewing and assisting with Great America's fee application; and (iii) reviewing and commenting on fee applications of the Debtors' tax advisor.

Fees: $4,360.00 Hours: 5.40

## G. Financing

20. Time billed to this category relates to, among other things: reviewing and analyzing the professionals' fee budget.

Fees: $1,590.00 Hours: 2.70

## H. Plan & Disclosure Statement

21. During the Interim Period the Firm, among other things: (i) conferred with counsel regarding plan issues; (ii) reviewed comments to draft plan and disclosure statement; (iii) continued to review and revise the draft plan and disclosure statement; (iv) prepared a motion to approve voting procedures; and finalized a motion to extend exclusivity.

Fees: $28,337.50 Hours: 34.20

## I. Retention of Professionals/Others

22. Time billed to this category relates to, among other things, conferring with counsel regarding KCC's application to serve as balloting and noticing agent with respect to a Chapter 11 plan.

Fees: $577.50 Hours: .70

## Valuation of Services

23. Attorneys and paraprofessionals of PSZ&J expended a total of 141.10 hours in connection with their representation of the Debtors during the Interim Period as set forth above.

24. The nature of work performed by these persons in connection with services related to the Debtors is fully set forth on Exhibit A attached hereto. These are PSZ&J's

normal hourly rates for work of this nature. The reasonable value of the services rendered by PSZ&J for the Debtors during the Interim Period is $105,684.50.

25. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period February 1, 2017 through February 28, 2017, an interim allowance be made to PSZ&J for compensation in the amount of $105,684.50 and actual and necessary expenses in the amount of $12,829.97 for a total allowance of $118,514.47 and payment of $84,547.60 (80% of the allowed fees) and reimbursement of $12,289.97 (100% of the allowed expenses) for a total payment of $96,837.57, and for such other and further relief as this Court may deem just and proper.

Dated: April 4, 2017

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ James E. O'Neill*

Jeffrey N. Pomerantz (CA Bar No.143717)
Joshua M. Fried (CA Bar No. 181541)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: 302/652-4100
Facsimile: 302/652-4400
E-mail:jpomerantz@pszjlaw.com
jfried@pszjlaw.com
joneill@pszjlaw.com

Counsel for the Debtors

## DECLARATION

STATE OF DELAWARE :
:
COUNTY OF NEW CASTLE :

James E. O'Neill, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b) I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Debtors.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about November 4, 2015, and submit that the Application substantially complies with such Rule and Order.

*/s/ James E. O'Neill*
James E. O'Neill